CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 23, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EMMANUAL TAYLOR,<br>    Plaintiff,<br><br>v.<br><br>CHADWICK DOTSON, *et al.*,<br>    Defendants. | Civil Action No. 7:23-cv-00811<br><br><br>By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Emmanual Taylor, a Virginia inmate proceeding *pro se*, brought a lawsuit alleging that he received inadequate medical care for a broken finger in violation of the Eighth Amendment. (Dkt. No. 1.) Plaintiff sued two defendants, Chadwick Dotson and Deborah Ball, who have separately moved to dismiss the complaint. (Dkt. Nos. 13, 15.) These motions will be granted.

I.  BACKGROUND

At all times relevant to this lawsuit, plaintiff was incarcerated at Keen Mountain Correctional Facility. Dotson is the Director of the Virginia Department of Corrections. Ball is a doctor employed at Keen Mountain.

**A.  Plaintiff's Allegations**

Taylor's allegations, which are sparse, contend that Dotson violated his rights by failing to properly ensure and enforce adequate medical care for plaintiff when Dotson "received plaintiffs grievance paperwork on my medical issue." (Compl. 3.) As a result, Taylor alleges that he now has permanent damage to his hand and finger. Dotson's actions "further delayed" his medical care. (*Id.*)

Pertaining to Ball, plaintiff alleges that she also delayed his medical care for two months after he broke his finger. (*Id.*) He complains that Ball did not ensure that he was seen by an

outpatient medical doctor to treat his broken bone. This also resulted in permanent damage to his hand and finger.

Taylor requests $400,000 in compensatory damages and $100,000 in punitive damages. (*Id.* at 4.)

## II. ANALYSIS

### A. Motion to Dismiss

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to

"conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. Eighth Amendment**

The Eighth Amendment protects prisoners from "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). That protection imposes on prison officials an affirmative "obligation to take reasonable measures to guarantee the safety of . . . inmates." *Whitley*, 475 U.S. at 320. Some Eighth Amendment violations constitute "deliberate indifference," while others constitute "excessive force." *Id.*; *Thompson v. Commonwealth of Va.*, 878 F.3d 89, 97 (4th Cir. 2017). The deliberate indifference standard generally applies to cases alleging failures to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, or failing to render medical assistance. *See Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was available. *See Farmer*, 511 U.S. at 834–37; *Heyer v. United States Bureau of Prisons*, 849 F.3d 209–10 (4th Cir. 2017). Objectively, the medical condition at issue must be serious. *Hudson*, 503 U.S. at 9. "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008)).

After a serious medical need is established, a successful claim requires proof that the defendant was subjectively reckless in treating or failing to treat the serious medical condition.

3

*See Farmer*, 511 U.S. at 842. "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). Indeed, "many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). A mere disagreement between an inmate and a physician over the appropriate level of care does not establish an Eighth Amendment violation absent exceptional circumstances. *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).

## C. Defendants' Motions

As an initial matter, defendants' motions must be granted because the complaint does not include any dates that the alleged violations occurred. Thus, the complaint does not give fair notice to the defendants of what they are alleged to have done unlawfully. "Although courts do liberally construe *pro se* pleadings, courts cannot excuse defects that deprive other parties of the fair notice to which they are entitled." *Jackson v. Lightsey*, 775 F.3d 170, 173 (4th Cir. 2014).[1]

Further, even as a general matter, Taylor's complaint does not state an actionable Eighth Amendment claim. First, his alleged injury, a broken finger, is not a sufficiently serious condition under the objective prong of the Eighth Amendment analysis. "Numerous district courts have held that a broken finger is generally not a sufficiently serious medical need to

---

[1] Plaintiff provides a date in his brief in opposition and affidavit, but plaintiff cannot amend his complaint in this manner. *See Allison v. Ball*, Civil Action No. 7:18cv00125, 2019 WL 1049393, at *4 (W.D. Va. Mar. 5, 2019); *St. Clair v. Navy Fed. Credit Union*, Case No.:GJH-21-02998, 2022 WL 2304677, at *3 (D. Md. June 27, 2022) (explaining that a plaintiff is "bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint").

support an Eighth Amendment violation." *Jacobs v. Wilson*, Civil Action No. 3:13-CV-89, 2014 WL 3700553, at *5 (N.D.W. Va. July 14, 2014) (collecting cases).

Even if his injured finger was a serious medical need, Taylor has failed to plausibly allege that either defendant's actions were "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013) (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990)). Regarding Ball, Taylor does not allege that he received no treatment. Instead, he complains that Ball did not arrange for him to see an outpatient specialist. This amounts to a disagreement regarding treatment or negligence, at best, and is insufficient to meet the high standard for deliberate indifference. Regarding Dotson, Taylor does not plausibly allege that he had any knowledge or awareness of Taylor's injury. Plaintiff alleges that Dotson "received [plaintiff's] paperwork," but this is not a plausible allegation given Dotson's status as VDOC Director who oversees the entire prison system.

The motions to dismiss will be granted.

### III.  CONCLUSION

Based on the foregoing, the court will issue an appropriate order granting defendants' motions to dismiss.

Entered: August 23, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge